J-S34039-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARRELL DONTAY ELEY | : | |
| | : | |
| Appellant | : | No. 72 WDA 2023 |

Appeal from the PCRA Order Entered December 8, 2022
In the Court of Common Pleas of Indiana County
Criminal Division at CP-32-CR-0000231-2020

BEFORE:  LAZARUS, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED: October 20, 2023**

Darrell Dontay Eley (Appellant) appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court set forth the following procedural history:

> On October 26, 2020, [Appellant] was convicted by a jury of … resisting arrest (M2), 18 Pa.C.S.A. [§] 5104, and disorderly conduct (M3), 18 Pa.C.S.A. [§] 5503(a)(4).[1]  [Appellant's] sentencing hearing was held on November 2, 2020, and the order imposing sentence is dated the same day.  As to the offense of resisting arrest, [Appellant] was sentenced to undergo incarceration for a period of not less than 9 months nor more than 2 years less one day[.  A]s to the offense of disorderly conduct, [Appellant] was sentenced to undergo incarceration for a period of not less than 6 months nor more than 12 months.  The

---

[1] We reference this case as the "Indiana County case."  At trial, Appellant was represented by public defender Taylor Johnson, Esquire (trial counsel).  Appellant was tried jointly with co-defendant Andrew McCrommon (Co-defendant).  Another public defender represented Co-defendant.

sentences were ordered to run concurrently[, as well as concurrently with any other sentence Appellant was serving. The sentencing court gave Appellant] credit for time served as allowed by law, and [Appellant] was paroled forthwith [at sentencing].[2]

**[Appellant's] parole supervision in this matter expired on November 29, 2021, and Indiana County's supervision of [Appellant] was terminated that day**. [Appellant's first *pro se* PCRA] petition was filed and docketed with th[e PCRA] court on December 27, 2021. The envelope in which the petition was mailed was postmarked on **December 22, 2021**.

[On October 31, 2022, the PCRA court held an evidentiary] hearing [(PCRA hearing)] to address the threshold issues regarding [Appellant's PCRA] petition, *i.e.*, the timeliness of the petition and whether [Appellant] is eligible for relief.[3] … With regard to the timeliness of the petition, [Appellant] testified that he was precluded from filing the petition on or before the expiration of the one-year period as required by 42 Pa.C.S.A. [§] 9545(b)(1) because he was "in the hole" [(solitary confinement)] at SCI Frackville prior to and at the time the [filing] period expired.

PCRA Court Order and Opinion, 12/8/22, at 1-3 (footnotes and emphasis added; paragraph numbers and some page breaks omitted).

In his *pro se* PCRA petition, Appellant raised several claims of trial counsel's ineffectiveness. **See**, **e.g.**, PCRA Petition, 12/27/21, at 3-4 (claiming trial counsel failed to file a requested pre-trial suppression motion and did not advise Appellant of his appeal rights). The PCRA court appointed attorney Andrew Skala, Esquire (PCRA counsel), to represent Appellant. After several requests for extensions of time, PCRA counsel filed an amended PCRA

---

[2] Appellant did not file a post-sentence motion or direct appeal.

[3] A PCRA petition must be filed within one year of the judgment of sentence becoming final. 42 Pa.C.S.A. § 9545(b)(1).

petition on June 20, 2022. PCRA counsel claimed, "reversible error occurred because the Indiana County Public Defender's Office represented both [Appellant] and Co-defendant…." Amended PCRA Petition, 6/20/22, at 3 (unpaginated). **But see id.** at 4 (unpaginated) (conceding "Co-defendant did not testify against [Appellant] at trial").

On December 8, 2022, the PCRA court denied Appellant's PCRA petition. As we discuss below, the PCRA court found Appellant was statutorily ineligible for relief, as he was not serving a period of incarceration, parole, or probation in the Indiana County case when he filed his PCRA petition.[4] **See** PCRA Court Order and Opinion, 12/8/22, at 3-4 (citing 42 Pa.C.S.A. § 9543(a)(1)(i) (providing that to be eligible for relief, a petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime.")). Appellant timely appealed.

On January 9, 2023, the PCRA court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely complied. On January 24, 2023, the PCRA court issued a Rule 1925(a) opinion adopting the reasoning in the December 8, 2022, order and opinion.

Appellant raises a single issue for review:

1. Did the PC[]RA court err when it made a ruling that [Appellant] was not eligible for post-conviction collateral relief under 42 Pa.C.S.A. § 9543(a) because the conviction in the above-captioned case caused [Appellant's] parole to be revoked and

---

[4] The PCRA court "decline[d] to address the timeliness of [Appellant's PCRA p]etition …." PCRA Court Order and Opinion, 12/8/22, at 3.

further caused him to receive an additional parole hit or additional period of incarceration, even though [Appellant's] initial sentences was [*sic*] served?

Appellant's Brief at 6 (some capitalization omitted).

We examine Appellant's eligibility for relief:

[T]o be eligible for relief under the PCRA, the petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime." 42 Pa.C.S.A. § 9543(a)(1)(i). As soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition. ***Commonwealth v. Ahlborn***, 699 A.2d 718, 720 (Pa. 1997); ***Commonwealth v. Matin***, 832 A.2d 1141, 1143 (Pa. Super. 2003). In addition, this Court determined in ***Commonwealth v. Fisher***, 703 A.2d 714 (Pa. Super. 1997), that the PCRA precludes relief for those petitioners whose sentences have expired, regardless of the collateral consequences of their sentence. ***Id.*** at 716 (citations omitted).

***Commonwealth v. Williams***, 977 A.2d 1174, 1176 (Pa. Super. 2009) (brackets omitted; citations modified).

Appellant "concedes that he is presently not serving a sentence of incarceration in the Indiana County [c]ase." Appellant's Brief at 14. Nonetheless, Appellant claims he should be entitled to PCRA relief because "there is no available legal remedy for [Appellant] to overturn his Indiana County sentence and the collateral consequence that exists." ***Id.***

In finding Appellant ineligible for relief, the PCRA court explained:

[Appellant] currently is incarcerated[;] however, **he acknowledges he is not serving a period of incarceration, parole, or probation on [the Indiana County case]**. [Appellant] testified [at the PCRA hearing] that at the time of the incident that served as the basis for the charges in this matter, he

was serving a period of parole on a case from Allegheny County. The Allegheny County case is docketed at CP-02-CR-0006867-2016. The sentencing date in that matter was October 20, 2016, and [Appellant] was sentenced to a period of incarceration of not less than 36 months nor more than 72 months.

[Appellant] testified that he received an 18-month "parole hit" on the Allegheny County case as a result of the Indiana County case. [Appellant] then testified that his "parole hit" was set to expire on May 22, 2022[;] however, because of his conduct while incarcerated, he received an additional "parole hit." [Appellant's] maximum sentence on the Allegheny County sentence is now set to expire [in] October of 2023.

The [PCRA] court finds that since [Appellant] is not serving a period of incarceration, parole, or probation in this matter, he is not entitled to relief. It is true [Appellant] received a parole hit on his Allegheny County sentence as a result of the Indiana County case[;] **however, this original parole hit has expired.** The court finds that [Appellant's] current incarceration is, at most, a **collateral consequence** of the Indiana County sentence. And the Pennsylvania Superior Court has interpreted "the Post Conviction Relief Act to preclude relief for those petitioners whose sentences have expired, regardless of the collateral consequences of their sentence." **Fisher**, 703 A.2d at 716 ([] citations omitted).

PCRA Court Order and Opinion, 12/8/22, at 4-6 (emphasis added; paragraph numbers omitted; citation and some capitalization modified).

The PCRA court's reasoning is supported by the record and the law. **See id.** As Appellant was ineligible for relief pursuant to 42 Pa.C.S.A. § 9543(a)(1)(i), the PCRA court did not err in denying the PCRA petition. **See Commonwealth v. Descardes**, 136 A.3d 493, 503 (Pa. 2016) (holding petitioner's "PCRA petition should have been dismissed because, as he was no longer incarcerated at the time it was filed, he was ineligible for PCRA relief,

and, thus, both the PCRA court and the Superior Court lacked jurisdiction to entertain the petition.").

Moreover, even if Appellant was eligible for relief, the PCRA court lacked jurisdiction to address Appellant's petition because it was untimely. **See** 42 Pa.C.S.A. § 9545(b)(1), **supra**; **see also id.** § 9545(b)(3) (providing that a judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006) ("If a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition." (citation omitted)).[5]

The Commonwealth persuasively states:

> Appellant was sentenced by the trial court on November 2, 2020. Accordingly, the Appellant's time allowance for a direct appeal expired on December 2, 2020. The Appellant did not file any post-sentence motions or appeals prior to the filing of the present PCRA petition. Therefore, the Commonwealth submits that the Appellant had until December 2, 2021, in order to file a [PCRA] petition … in a timely manner. The current petition … was filed and docketed on December 27, 2021. Additionally, it was noted during the … []PCRA[] hearing that the envelope in which [Appellant's *pro se*] petition was mailed was postmarked on December 22, 2021.

Commonwealth Brief at 10-11.

---

[5] Appellant did not invoke any of the exceptions to the PCRA time-bar codified at 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Pursuant to the prisoner mailbox rule, a prisoner's *pro se* filing "is deemed filed on the date he delivers it to prison authorities for mailing." ***Commonwealth v. Kennedy***, 266 A.3d 1128, 1132 n.8 (Pa. Super. 2021) (citation omitted)); Pa.R.A.P. 121(f) (same); ***see also Commonwealth v. Jones***, 700 A.2d 423, 426 (Pa. 1997) (explaining types of evidence a prisoner can present under prisoner mailbox rule, including cash slips, postal forms, or "any reasonably verifiable evidence of the date that the prisoner deposits the [filing] with the prison authorities."); ***Commonwealth v. Diclaudio***, 210 A.3d 1070, 1074 (Pa. Super. 2019) (stating that where the "certified record does not indicate when [the *pro se* a]ppellant delivered the [PCRA petition] to prison authorities for mailing, but the envelope is postmarked …, [] we … use [the postmark] date as the filing date."). Thus, the PCRA court and this Court also lack jurisdiction because Appellant's petition was untimely. 42 Pa.C.S.A. § 9545(b)(1); ***Chester***, ***supra***; ***see also Commonwealth v. Adams***, 882 A.2d 496, 498 (Pa. Super. 2005) (stating "*pro se* status confers no special benefit upon" litigants).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/20/2023